UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN SIMMONS, JR.,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JEFFREY MACOMBER, Secretary, et al.,<br><br>　　　　Respondents. | No. 1:25-cv-01070-SKO (HC)<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because Petitioner challenges a Los Angeles County Superior Court conviction, venue is proper for this action in the Central District of California. Thus, the Court will order the petition transferred.

　　　　When a state prisoner files a habeas petition in a state that contains two or more federal judicial districts, the petition may be filed in either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. See 28 U.S.C. § 2241(d); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting Carbo v. United States, 364 U.S. 611, 618, 81 S. Ct. 338, 5 L. Ed. 2d 329 (1961)). Petitions challenging the execution of a sentence are preferably heard in the district where the inmate is confined. See Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989). Petitions challenging convictions or sentences are preferably heard in the district of conviction. See Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968).

1  Section 2241 further states that, rather than dismissing an improperly filed action, a district court,
2  "in the exercise of its discretion and in furtherance of justice[,] may transfer" the habeas petition
3  to another federal district for hearing and determination. Id.; see also 28 U.S.C. § 1404(a) (court
4  may transfer any civil action "to any other district or division where it might have been brought"
5  for convenience of parties or "in the interest of justice").

      Here, although the claims are not clear, Petitioner challenges the underlying judgment of conviction in the Los Angeles County Superior Court. He alleges the judgment is void, worthless, and unconstitutional, and he seeks immediate release. Therefore, venue is proper in the Central District of California.

      Accordingly, IT IS HEREBY ORDERED that this action is TRANSFERRED to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated: **August 28, 2025**                     /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE